PER CURIAM.
The appellees, Stanley Azif and Laura Azif, sued the appellant, Murray M. Sheldon, Inc. The gist of the complaint was *505 the charge that Sheldon, an insurancagency, had negligently failed to secure for the appellees the insurance coverage they had requested hut had represented to the appellees that they were insured. The damages claimed were the consequences of an automobile collision which subsequently occurred and upon which the appellees were not afforded insurance protection. Appellees received a final judgment against appellant after a jury trial. This appeal is from that judgment.
The first point presented urges error upon the court’s refusal to admit into evidence certain written communications between Dade Underwriters Insurance Agency, Inc., and Preferred Insurance Company. Dade is a second insurance agency through which the appellant had attempted to secure insurance coverage for the appellees. Preferred is the company with which Dade had attempted to place the insurance. It is clear that there was no privity between the appellees and Preferred; therefore the statements of Preferred were not binding upon appellees. Cf. Mizell v. Travelers’ Ins. Co., 44 Fla.799, 33 So. 454 (1902). In addition we are not convinced that the documents were shown to be a part of the res gestae so as to be admissible under that exception to the hearsay rule. The question of admissibility under that exception is primarily a question for the trial court. Pride v. State, 151 Fla. 473, 10 So.2d 806 (1943). We do not find an abuse of discretion in the ruling.
The second point urges that the trial court erred in failing to rule that the appellees were estopped to claim they did not have the insurance coverage that appellant represented it had secured for them, because appellees stated in an SR 21 insurance form that they were insured by Preferred. The elements of an estoppel are not present. See cases cited at 12 Fla. Jur., Estoppel and Waiver, § 36.
The third point is without merit for the reasons stated in the discussion of the first point. The fourth point is directed to the refusal of the court to give a requested charge. We are not convinced that the charge was applicable to the issues tried by the jury, and the failure to give the charge is not shown to have been prejudicial to the appellant in any event. Therefore no error is demonstrated. See Karp v. Hodor, Fla.App.1964, 166 So.2d 597.
The fifth point has been decided against appellant in the dismissal of a companion appeal. The Supreme Court denied appellant’s petition for a writ of certiorari to review that dismissal. See Murray F. Sheldon, Inc. v. Azif, Fla.1969, 232 So.2d 179 (case no. 38,930, October 16, 1969).
Affirmed.